**Ronald K. PLATTS, individually and as personal representative of the Estate of Gary Scott Platts, Plaintiff and Appellant,**

v.

**PARENTS HELPING PARENTS d/b/a Turnabout; Alan Comins; and John Does I through XXXV, Defendants and Appellees.**

No. 940551–CA.

Court of Appeals of Utah.

June 15, 1995.

J. Bruce Savage, Park City, for appellant.

David H. Epperson, Jaryl L. Rencher, Hanson, Epperson & Smith, Salt Lake City, for appellees.

Kendall P. Hatch, Salt Lake City, for appellee, Comins.

John C. Hansen, Salt Lake City.

Before ORME, P.J., and GREENWOOD and WILKINS, JJ.

WILKINS, Judge:

Ronald K. Platts appeals from the trial court's summary judgment dismissing his cause of action for lack of subject matter jurisdiction. The trial court found that the defendants, Parents Helping Parents d/b/a Turnabout (Turnabout) and Alan Comins, were "health care providers" under the Utah Health Care Malpractice Act (Malpractice Act) and that Mr. Platts failed to conform to the requirements of the Act. We reverse and remand for further proceedings.

## BACKGROUND

Mr. Platts's son, Gary, was to complete a substance abuse program run by Parents Turnabout and Alan Comins as part of Gary's probation imposed by the juvenile court. Gary was admitted to Turnabout's program in July 1989. On February 27, 1990, Turnabout released Gary to go to school. However, Gary never arrived at school. Sometime after March 1, 1990, Gary entered his father's home and committed suicide. Mr. Platts found his son's body on March 4, 1990.

In March 1991, Mr. Platts filed a complaint against Turnabout and Mr. Comins. After two years of discovery, Turnabout and Mr. Comins moved for summary judgment, claiming that they were "health care providers" pursuant to the Utah Health Care Malpractice Act, Utah Code Ann. §§ 78–14–1 to –15 (1992), and that Mr. Platts had failed to conform to the procedural requirements of the Act.

The trial court concluded that Turnabout and Mr. Comins were health care providers under the Malpractice Act and the trial court did not have subject matter jurisdiction be-

cause the procedural requirements to bring an action against a health care provider had not been met. The trial court thus granted Turnabout and Mr. Comins's motion for summary judgment and dismissed Mr. Platts's action.

## ISSUES AND STANDARDS OF REVIEW

■ Mr. Platts appeals the trial court's determination that Turnabout and Mr. Comins are "health care providers" under the Malpractice Act. Utah Code Ann. § 78–14–3(11) (Supp.1994). We review the trial court's interpretation of section 78–14–3(11) for correctness, granting no deference to the trial court's conclusion. *See State v. Larsen,* 865 P.2d 1355, 1357 (Utah 1993).

■ Mr. Platts also appeals the trial court's order compelling him to pay for a transcript of the oral argument before the trial court pursuant to Rule 11 of the Utah Rules of Appellate Procedure. This is a question of law, which we review for correctness. *See State v. Pena,* 869 P.2d 932, 936 (Utah 1994).

## ANALYSIS

■ The consequence of being labeled a "health care provider" under section 78–14–3(11) is that the label affords the bearer certain procedural protections against lawsuits. For example, if one wishes to file a complaint against a health care provider, one must first give the health care provider ninety days prior notice of intent to commence an action. Utah Code Ann. § 78–14–8 (1992). One must then submit the cause to a hearing panel composed of a member of the Utah State Bar, a licensed health care provider practicing in the same specialty, and a lay panelist. *Id.* § 78–14–12 (Supp.1994). One may then file an action in an appropriate court, provided that the timing of the action falls within the abbreviated statute of limitations period provided by section 78–14–4.

The legislature listed those protected under the "health care provider" label in section 78–14–3(11):

"Health care provider" includes any person, partnership, association, corporation, or other facility or institution who causes to be rendered or who renders health care or professional services as a hospital, physician, registered nurse, licensed practical nurse, nurse-midwife, dentist, dental hygienist, optometrist, clinical laboratory technologist, pharmacist, physical therapist, podiatrist, psychologist, chiropractic physician, naturopathic physician, osteopathic physician, osteopathic physician and surgeon, audiologist, speech-language pathologist, clinical social worker, certified social worker, social service worker, marriage and family counselor, practitioner of obstetrics, *or others rendering similar care and services relating to or arising out of the health needs of persons or groups of persons* and officers, employees, or agents of any of the above acting in the course and scope of their employment.

*Id.* § 78–14–3(11) (emphasis added).

 The central issue is whether the legislature intended that Turnabout and Mr. Comins be covered by section 78–14–3(11) as one of the "others rendering similar care and services." [1] It is far from obvious which additional individuals the legislature intended to grant the protection of the Malpractice Act by this catch-all phrase. Because the intended coverage of the Malpractice Act is unclear, it is appropriate for this court to consider the effect a given statutory construction will have in practical application. *See Tanner v. Phoenix Ins. Co.,* 799 P.2d 231, 233 (Utah App.1990). Given the different procedural requirements applied to health care providers compared to any other potential defendant, it is essential that a potential plaintiff know whether a potential defendant is a health care provider. With this in mind, we look to section 78–14–3(11) to determine whether the Malpractice Act extends to those in the category of Turnabout and Mr. Comins.

 When construing a statute, we attempt to give effect to the legislative intent by ascertaining the meaning of statutory language in the context of the statute's background and general purpose. *Versluis v. Guaranty Nat'l Cos.,* 842 P.2d 865, 867 (Utah 1992). The Malpractice Act was enacted in 1976 to control the rising cost of medical malpractice insurance. Utah Code Ann. § 78–14–2 (1992). To accomplish this end, the legislature has identified in a comprehensive list those, which it labels "health care providers," to whom it wishes to afford some protection from malpractice lawsuits. *See id.* § 78–14–3(11) (Supp.1994). Of those listed, a hospital is the only non-individual identified. The Malpractice Act defines a hospital as a public or private institution licensed under Title 26, Chapter 21 of the Utah Code, Health Care Facility Licensure and Inspection Act. *See id.* § 78–14–3(12). The remaining health care providers are all licensed professionals under Title 58 of the Utah Code, Occupations and Professions, with the exception of a "clinical laboratory technologist," which is not defined by the Malpractice Act. *See id.* § 78–14–3.

Turnabout is not licensed under Title 26 or Title 58. Rather, it is licensed by the Department of Human Services and recognized by the state as a "day treatment" facility. *See id.* § 62A–2–101(6) (1993). Day treatment facilities, although recognized by the legislature, are not included in the comprehensive list of health care providers contained in section 78–14–3(11). Similarly, Mr. Comins's title of "addiction counselor" is not a title listed as a "health care provider" in section 78–14–3(11), nor is it a profession or occupation licensed under Title 58.

We must conclude that the legislature purposely chose not to include those persons or entities licensed under section 62A–2–101 by the Department of Human Services among the list of "health care providers" protected by the Malpractice Act. Considering the purpose of the Malpractice Act, as expressly articulated in section 78–14–2, we must assume that the reason for the exclusion is not that these services are less important to the well being of our state, but that the problem sought to be remedied by the Malpractice

---

**1.** Neither Turnabout nor Mr. Comins qualify as health care providers under any of the titles explicitly listed in section 78–14–3(11).

Act—high malpractice insurance rates—does not extend to such services.

 We construe section 78–14–3(11) narrowly to cover only those specifically identified as "health care providers" or those in the rare case who are so similar to those listed as to leave little doubt as to their intended "health care provider" status. We adopt this narrow construction because of the advantages associated with knowing what procedural course to take before pursuing an action. In this way, potential plaintiffs will be better informed as to what action to pursue when advancing a claim. Because it is unclear which persons the legislature intended to cover under section 78–14–3(11) by the catch-all phrase "others rendering similar care," we must consider a construction which achieves the best effect in practical application, consistent with legislative intent. *See Tanner,* 799 P.2d at 233. Accordingly, we construe this phrase narrowly to cover the rare case where there exists no reasonable doubt as to a potential defendant's necessary inclusion among those listed as "health care providers."

The titles of Turnabout and Mr. Comins were not included among those identified as "health care providers" in section 78–14–3(11), nor are they so similar to those listed as to leave no reasonable doubt as to their status. Thus, we hold that Turnabout and Mr. Comins are not "health care providers" as defined by section 78–14–3(11). Because we hold as a matter of law that Turnabout and Mr. Comins are not health care providers, we need not address Mr. Platts's alternative argument that there existed a disputed issue of material fact as to whether Turnabout and Mr. Comins are health care providers. Because we hold in favor of Mr. Platts, and because costs on appeal are awarded to the prevailing party, we need not address whether it was error for the trial court to compel Mr. Platts to provide and pay for a transcript of the oral argument before the trial court.

## CONCLUSION

After lines are drawn singling out one group for protection to the exclusion of others, it is essential that the lines at least be clear enough to avoid needless expense and confusion. In that spirit, we construe the definition of "health care provider" narrowly to include those who hold titles explicitly identified in section 78–14–3(11), and interpret the phrase, "others rendering similar care and services," to refer to the rare situation when a potential defendant's status leaves no reasonable doubt as to its necessary inclusion among those already listed as "health care providers." Turnabout and Mr. Comins do not qualify as health care providers under this interpretation. We therefore reverse the order of the trial court and remand for further proceedings. Costs are awarded to appellant, Mr. Platts.

ORME, P.J., and GREENWOOD, J., concur.